<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES W. McLAIN,<br><br>    Plaintiff,<br><br>    v.<br><br>THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY,<br><br>    Defendant. | Civil Action No. 10-6547 (SRC)<br><br>OPINION |

<u>**CHESLER, U.S.D.J.**</u>

This matter comes before the Court on two motions for summary judgment, pursuant to Federal Rule of Civil Procedure 56: 1) the motion by Defendant The Port Authority of New York and New Jersey ("PANYNJ"); and 2) the motion by Plaintiff James W. McLain. Defendant's motion is unopposed. For the reasons that follow, Defendant's motion for summary judgment will be granted, and Plaintiff's motion will be denied.

In brief, the Complaint alleges that Defendant's Police Department employees harassed Plaintiff and violated his constitutional rights on a number of occasions at Newark Airport. On December 16, 2010, Plaintiff filed the Complaint, asserting three causes of action: 1) harassment based on race and religion; 2) discrimination based on age, race, and religion; and 3) racial profiling, along with "civil conspiracy, harassment, threats, and defamation of character." (Compl. at 9.) Plaintiff bears the burden of proof for all of these claims.

"When the moving party has the burden of proof at trial, that party must show affirmatively the absence of a genuine issue of material fact: it must show that, on all the

essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." In re Bressman, 327 F.3d 229, 238 (3d Cir. 2003) (quoting United States v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir. 1991)).  "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case."  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

 Because Plaintiff bears the burden of proof on all claims in the Complaint, Defendant, as the party moving for summary judgment, meets its initial summary judgment burden simply by pointing out an absent of evidence to support Plaintiff's case.  Defendant has met this burden.  Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists.  Jersey Cent. Power & Light Co. v. Lacey Township, 772 F.2d 1103, 1109 (3d Cir. 1985).  The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

 Here, Plaintiff has failed to file any opposition to Defendant's motion - despite receiving a letter from the Court after he failed to file any opposition by the deadline, and being given a two-week extension of that deadline, and being notified that, if he failed to oppose the motion, the Court would view the motion as unopposed.  As the party with the burden of proof at trial, who has failed to oppose a motion for summary judgment, Plaintiff has failed to defeat Defendant's motion for summary judgment.  Defendant has shown that it is entitled to judgment

as a matter of law, and Defendant's motion will be granted.

As to Plaintiff's motion for summary judgment, Plaintiff's brief, in its entirety, consists of two short paragraphs.  One paragraph states that Plaintiff moves for summary judgment because Defendants failed to provide an affidavit.  Plaintiff contends that, because Defendant has failed to submit any affidavits, it has "admitted their guilt in this case." (Pl.'s Br. 1.)  While Plaintiff states that he relies upon an accompanying memorandum and statement of facts, he submitted neither.  Plaintiff has not explained the legal basis for his position that Defendant's failure to file an affidavit entitles Plaintiff to judgment as a matter of law.  Plaintiff does not specify what particular affidavit was required by what particular rule of law, nor does he explain the legal basis for the proposition that the failure to submit an affidavit is a concession of liability.  Plaintiff has failed to persuade the Court that he is entitled to judgment as a matter of law, and his motion for summary judgment will be denied.

Defendant's motion for summary judgment is granted, and Plaintiff's motion for summary judgment is denied.

      s/ Stanley R. Chesler      
STANLEY R. CHESLER, U.S.D.J.

Dated: January 24, 2012

3